The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| DREW SCOTT FARRON AND | ) CASE NO. 11-60711 |
| CYNTHIA GAY FARRON, | ) |
| | ) ADV. NO. 11-6067 |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| DREW SCOTT FARRON AND | ) |
| CYNTHIA GAY FARRON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **MEMORANDUM OF OPINION** |
| v. | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| JAMES CARTER, | ) |
| | ) |
| Defendant. | ) |

    Plaintiffs filed a motion for default judgment on October 7, 2011. They initiated an adversary complaint under 11 U.S.C. § 547 on August 15, 2011. Defendant failed to file a responsive pleading.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). The following constitutes the court's findings of fact and conclusions of law.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Plaintiff-debtors filed a joint chapter 7 bankruptcy case on March 10, 2011. Prior to the filing, Defendant-creditor James Carter recovered $3,528.68 from wage garnishments and bank attachments. Plaintiffs contend Defendant's recovery was preferential and subject to avoidance under 11 U.S.C. § 547. The chapter 7 trustee did not pursue avoidance of the transfers.

## ANALYSIS

The authority for Debtors to recover a preference is found in 11 U.S.C. § 522(h). The statute provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if --
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer.

A preference is avoidable by the trustee under § 547. Since the trustee did not attempt to avoid the preferential transfers, Debtors have the opportunity to do so. However, their recovery is limited to the amount which can be exempted under subsection (g)(1). 11 U.S.C. § 522(h).

Section 522(g)(1) states:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if --
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

2

(B) debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

The import of this provision means that as long as Debtors did not voluntarily transfer or conceal the property to be recovered, they are entitled to exempt the property in accordance with Ohio's exemption scheme. Wage garnishments and bank attachments are involuntary transfers. The transfers were disclosed in Debtors' Statement of Financial Affairs in response to question 4b. Consequently, Debtors can recover the transfers to the extent they can exempt the transfers.

Debtors have failed to persuade the court that the preferential transfers are exemptible. If the transfers are not exempt, they cannot be recovered. A review of Schedule C indicates that Debtors claimed more than their allowed exemption under Ohio Revised Code § 2329.66(a)(3). The bulk of their exemption allowance under § 2329.66(a)(18) has been applied to a tax refund.

The court is not inclined to grant the motion for default judgment without a showing that the transfers are exempt and can be recovered. The court will permit Debtors two weeks to review the matter. Debtors are advised that this court looks disfavorably on attempts to jockey exemptions after a case has concluded. *See* In re Lambert, Case No. 09-65025 (Bankr. N.D. Ohio Sept. 14, 2010).

An order will be issued concurrently with this opinion.

### # # #

**Service List:**

Lynn A Beaumont
43 W Ohio Ave
Rittman, OH 44270-1431

Drew Scott Farron
Cynthia Gay Farron
545 Fairlawn
Smithville, OH 44677

James Carter
605 Madison Trail
Doylestown, OH 44230

3